UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM PAVA,

       Petitioner,

v.                                                        Case No.  8:11-cv-323-T-24 AEP
                                                                                 8:07-cr-289-T-24 AEP

UNITED STATES OF AMERICA,

       Respondent.
_____/

**ORDER**

This cause is before the Court upon Petitioner William Pava's pro se motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (Civ. Doc. No. 1; Cr. Doc. No. 105).  The Court will not cause notice thereof to be served upon the United States Attorney and shall proceed to address the matter, because a review of this motion and the record in this case conclusively shows that Petitioner is not entitled to relief.

**I.**       **Background**

On February 19, 2008 a Second Superseding Indictment charged Petitioner and a co-defendant with three counts: Count One charged the offense of conspiracy to take and obtain personal property of another by means of actual or threatened force, violence, or fear of injury, in violation of 18 U.S.C. § 1951(a); Count Two charged the offense of taking or obtaining personal property of another, or aiding and abetting another to do so, by means of actual or threatened force, violence, or fear of injury, in violation of 18 U.S.C. § 1951 & 2; and Count Three charged the offense of knowingly carrying, using, and brandishing a firearm and aiding or abetting the carrying, using, and brandishing of a firearm, in violation of 18 U.S.C. § 924(c).

(Cr. Doc. No. 47). On February 25, 2008, Petitioner pled not guilty to the charges contained in the Second Superseding Indictment.[1] (Cr. Doc. No. 50).

Trial commenced on March 3, 2008, and on March 6, 2008, the jury found Petitioner guilty of all three counts of the Second Superseding Indictment. (Cr. Doc. No. 79). On June 24, 2008, Petitioner was sentenced to imprisonment for a total term of 120 months as to Counts One and Two, to run concurrent to each other; and 84 months as to Count Three, to run consecutive to the sentence imposed in Counts One and Two. (Cr. Doc. No. 93). Accordingly, Petitioner was sentenced to a total term of imprisonment of 204 months. *Id.* Petitioner did not file a direct appeal.

On February 10, 2011, Petitioner submitted the instant § 2255 motion to prison authorities for mailing. However, because the § 2255 motion is untimely, the Court denies it without reaching the merits of the grounds for relief asserted therein.

**II.    Timeliness of the § 2255 Motion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

(1)    the date on which the judgment of conviction becomes final;
(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Petitioner was initially indicted on July 19, 2007 and was appointed counsel on August 7, 2007. (Cr. Doc. No. 5, 8). Thereafter, Petitioner's family retained private counsel for him, and on August 27, 2007, Darlene Calzon Barror filed a notice of appearance on behalf of Petitioner. (Cr. Doc. No. 11).

  (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or

  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Jones v. United States, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

  Judgment was entered against Petitioner on June 24, 2008.[2] (Cr. Doc. No. 93). Therefore, for purposes of the limitations period, Petitioner's conviction became final when the 10-day period for filing an appeal elapsed on July 8, 2008. See Fed. R. App. P. 4(b)(1) (prior to December 1, 2009, a defendant's notice of appeal in a criminal case was due within 10 business days after either entry of judgment or the filing of the government's notice of appeal). Accordingly, pursuant to § 2255(f)(1), Petitioner was required to file his § 2255 motion by July 8, 2009 in order for it to be timely filed. Petitioner did not submit the instant § 2255 motion to prison authorities for mailing until February 10, 2011—more than a year and a half after the July 8, 2009 deadline. As such, his § 2255 motion is untimely.

  Petitioner acknowledges that his § 2255 motion is untimely, but he argues that the filing deadline should be equitably tolled because he has been pursuing his rights diligently and circumstances beyond his control, such as his attorney's negligence, his lack of understanding of

---

[2]The Court, acting sua sponte, entered an Amended Judgment (Cr. Doc. No. 101) on June 8, 2009 to correct a scrivener's error as to the amount of restitution owed by Petitioner. The Court changed the amount of restitution from $325,235.25 to $352,235.25. In United States v. Portillo, 363 F.3d 1161, 1166 (11th Cir. 2004), the Eleventh Circuit held that when a district court corrects a clerical error in the restitution provision of a criminal judgment, the right to appeal does not begin anew. See also Bowie-Myles v. United States, 2006 WL 2092286 (M.D. Fla. July 26, 2006). Accordingly, the Court will calculate the timeliness of Petitioner's § 2255 motion using the date upon which the original Judgment became final.

the judicial process, and his inability to understand English, prevented his timely filing of the instant § 2255 motion.

In order to obtain equitable tolling of the AEDPA's filing deadline, Petitioner was required to establish two things: (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (citations omitted); see also Brown v. United States, 318 Fed. Appx. 749, 750 (11th Cir. 2008) ("Equitable tolling is only granted in 'extraordinary' circumstances.").

### A.     Diligence

"The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 130 S.Ct. at 2565 (citations omitted). Petitioner argues that he has been pursuing his rights diligently because: (1) after sentencing, he expressed to counsel his desire to file an appeal, (2) his family members paid counsel a retainer's fee for her representation on appeal, and (3) he attempted to contact counsel regarding her failure to file a notice of appeal. (Civ. Doc. No. 2 at 8). However, based on the facts asserted by Petitioner, the Court finds that Petitioner did not act with the reasonable diligence necessary to obtain equitable tolling.

Petitioner was sentenced on June 24, 2008. In his § 2255 motion, Petitioner asserts that after his sentencing hearing, he told counsel he wanted to appeal. (Civ. Doc. No. 2 at 3). Petitioner claims that shortly after his sentencing hearing, counsel's assistant visited him in jail

in order to have Petitioner sign what Petitioner believed to be the papers necessary for appeal.[3] Id. Petitioner also states that on September 23, 2008, Petitioner's cousin directly deposited $2,000.00 into counsel's bank account as a retainer for Petitioner's appeal.[4] Id. Petitioner claims that he assumed counsel was handling the appeal and that he first learned that counsel did not file a notice of appeal in September of 2010, when he, acting on the advice of jailhouse lawyers, requested and received a copy of the docket sheet of his case.[5] Id. Thus, Petitioner allowed a full two years to elapse between his sentencing and his request for the docket sheet.[6] This is not reasonable diligence. Furthermore, Petitioner did not file the instant § 2255 motion until February of 2011, more than four months after he received the docket sheet and realized his counsel had not filed a notice of appeal. According to the facts and time line set forth by Petitioner in his § 2255 motion, the Court finds that Petitioner did not exert reasonable diligence in protecting his claim.

---

[3] Petitioner actually signed a Notice of Declaration Not to Appeal, which was filed with the Court by Petitioner's counsel on July 1, 2008. (Cr. Doc. No. 96).

[4] Petitioner submitted a copy of the alleged $2,000.00 deposit from Petitioner's cousin to Petitioner's counsel. (Civ. Doc. No. 2, Appx. A)

[5] Petitioner claims that he made several unsuccessful attempts to contact his counsel's office before he requested a copy of the docket sheet.

[6] On October 21, 2010, after receiving the docket sheet, Petitioner wrote counsel a letter inquiring as to why counsel had not filed a notice of appeal in his case. Counsel responded on November 5, 2010, stating, in Spanish, the following:

> I hope that you are fine. You took the decision not to appeal because you decided to cooperate with the Government, and if you would have appealed, you would have lost all opportunity to cooperate, I simply did what you requested me to do.

(Civ. Doc. No. 2 at 3; Civ. Doc. No. 2, Appx. D).

### B.      Extraordinary Circumstances

Petitioner also asserts that (1) the conduct of his counsel, (2) his lack of understanding of the judicial process, and (3) his inability to understand English, were circumstances that prevented his timely filing of the instant motion.  Determining whether extraordinary circumstances are presented requires the examination of the facts in each case, "focusing on the circumstances surrounding the late filing of the habeas petition" and "whether the conduct of others prevented the petitioner from timely filing." Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (citations omitted).

In this case, Petitioner asserts that the conduct of his attorney prevented him from timely filing because he believed that he had retained her for the appeals process.  Yet, "attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005) (citations omitted).  The Supreme Court recently held that equitable tolling may be available in an "extraordinary" instance in which the petitioner's attorney acts in a way far beyond "garden variety" or "excusable neglect," but this is not such a case. Holland, 130 S. Ct. at 2564.  In Holland, the petitioner's attorney failed to timely file his § 2255 petition, "despite [the petitioner's] "many letters that repeatedly emphasized the importance of his doing so;" failed to do the research necessary to find out the proper filing date, "despite [the petitioner's] letters that went so far as to identify the applicable legal rules;" failed to inform the petitioner in a timely manner that the Florida Supreme Court had decided his case, "despite [the petitioner's] many pleas for that information;" and failed to communicate with the petitioner

over a period of years, "despite various pleas from [the petitioner] that [his attorney] respond to his letters." Id.

In the instant case, Petitioner contends that counsel was negligent because she failed to file a notice of appeal after he requested her to do so. However, besides Petitioner's self-serving assertions that he "made several unsuccessful attempts to contact Ms. Barror's office," Petitioner has not proven that counsel's negligence was far beyond "garden variety" or "excusable neglect." Petitioner waited two years after he was sentenced before requesting the docket sheet and sending his first letter to counsel asking about her failure to file a notice of appeal. Petitioner's counsel immediately responded to his letter and stated that Petitioner had made the decision not to appeal. Counsel's behavior in the instant case is not comparable to counsel's behavior in Holland. Accordingly, because Petitioner has not shown that counsel's alleged negligence was far beyond "garden variety" or "excusable neglect" and because Petitioner was not reasonably diligent in pursuing his claim, Petitioner has not established grounds for equitable tolling.

Petitioner also claims that "his lack of understanding of the process and uncertainty on what course of action to follow, brought him further delay forcing him to seek help from fellow inmates, which at times could bring catastrophic results." (Civ. Doc. No. 2 at 9). A petitioner's status as a pro se petitioner and his or her lack of education in the law do not constitute extraordinary circumstances to excuse a timely petition. Joubert v. McNeil, 2010 WL 451102, at *5 (S.D. Fla. Feb. 8, 2010) (citing Johnson v. United States, 544 U.S. 295, 311 (2005)). Accordingly, ignorance of the law or judicial process does not amount to extraordinary circumstances sufficient to invoke equitable tolling.

Further, Petitioner claims that his inability to understand English, and therefore, his inability to understand the papers that were provided by his attorney's assistant, amount to circumstances that should grant him relief in the form of equitable tolling. The Eleventh Circuit has held that a petitioner claiming that his filing requirement should be equitably tolled due to his difficulties with the English language was not an extraordinary circumstance to justify tolling the time requirement in § 2255. United States v. Montano, 398 F.3d 1276, 1280, n. 5 (11th Cir. 2005); see also Cortez v. Petrovsky, 2006 WL 289113 (M.D. Fla. Feb. 7, 2006) ("[w]ere this Court to allow equitable tolling because of asserted language difficulties, AEDPA's time requirement would essentially be eviscerated for all petitioners claiming to be non-English speaking."); Romanes v. McDonough, 2008 WL 879445 (M.D. Fla. Mar. 28, 2008) (same). Thus, ignorance of the English language does not suffice to invoke equitable tolling of § 2255.

**III.   Conclusion**

Upon review of the instant motion and underlying criminal record, Petitioner has not established (1) that he had been pursuing his rights diligently, or (2) that some extraordinary circumstance stood in his way and prevented timely filing. Accordingly, Petitioner's § 2255 motion (Civ. Doc. No.1) is **DENIED** as time-barred. The Clerk is directed to close the civil case.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of April, 2011.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of April, 2011.

Copies to:
Counsel of Record
Pro Se Petitioner

SUSAN C. BUCKLEW
United States District Judge

9